

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | | |
|---|---|---|
| JULIA WOLFF and AARON DEVILLANUEVA, *on behalf of themselves and all others similarly situated*, <br> Plaintiffs, <br><br> vs. <br><br> BACKSTREETS GRILL SC, LLC, *doing business as Backstreets Grill*, and CASEY PEISSEL, *individually*, <br> Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:21-02800-MGL |

---

### MEMORANDUM OPINION AND ORDER
### GRANTING AS MODIFIED NAMED PLAINTIFFS' MOTION FOR CONDITIONAL
### FLSA COLLECTIVE ACTION CERTIFICATION AND
### AUTHORIZING NOTICE TO PUTATIVE CLASS MEMBERS

---

## I.    INTRODUCTION

Plaintiffs Julia Wolff (Wolff) and Aaron DeVillanueva (DeVillanueva) (collectively Named Plaintiffs), on behalf of themselves and all others similarly situated, bring this putative collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216, against Defendants Backstreets Grill SC, LLC (Backstreets) and Casey Peissel (collectively, Defendants). This Court has jurisdiction under 28 U.S.C. § 1331.

Pending before the Court is Named Plaintiffs' motion for conditional collective action certification and to authorize notice to putative class members. Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court

Named Plaintiffs motion will be granted as modified below, the proposed class will be conditionally certified as modified, and notice will be authorized.

## II.      FACTUAL AND PROCEDURAL HISTORY

Named Plaintiffs allege that Defendants illegally required Backstreets' servers to participate in a tipping pool, wherein they were coerced or harassed into "tipping out" back-of-house (BOH) employees a portion of their income after each shift.  The BOH employees worked from the kitchen and had no interaction with patrons.

Named Plaintiffs filed this action, and later the instant motion for conditional certification, which included a proposed notice.  Defendants responded, and Named Plaintiffs replied.  The reply included an amended proposed notice, which clarified that class members need not attend trial unless called as a witness, but remained otherwise unchanged.  The Court, having been fully briefed on the relevant issues, is prepared to adjudicate the motion.

## III.      STANDARD OF REVIEW

The collective action provision of the FLSA, 29 U.S.C. § 216(b), provides, in relevant part:

> An action to recover [for the FLSA violations set forth in this lawsuit] may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).  "Because trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute, it lies within the discretion of a district court to begin its involvement early, at the point of the initial notice, rather than at

some later time." *Degidio v. Crazy Horse Saloon & Rest. Inc.*, 880 F.3d 135, 144 (4th Cir. 2018) (citation omitted).

"A collective action under the Fair Labor Standards Act (FLSA) differs from a class action under Federal Rule of Civil Procedure 23 because potential plaintiffs can join an FLSA collective action only by affirmatively giving consent in writing to become a party." *Id.* at 137 n.1 (citing 29 U.S.C. § 216(b)). "In a class action, by contrast, plaintiffs are presumed to be members of a class unless they affirmatively opt out of the class proceeding." *Id.* (citing Fed. R. Civ. P. 23(b)(3)).

The Fourth Circuit has failed to provide clear guidance on the standard district courts should apply to motions seeking certification of a collective action under § 216(b) of FLSA. The Supreme Court, however, has opined district courts "have discretion, in appropriate cases, to implement [§ 216(b) ] . . . by facilitating notice to potential plaintiffs" of the pendency of the action and of their opportunity to opt-in as represented plaintiffs. *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989).

When the district courts of the Fourth Circuit have been faced with determining whether to exercise this discretion in an "appropriate case," they have coalesced around a two-step method, which the Court has applied in its own cases. *See, e.g.*, *Ridgeway v. Planet Pizza 2016, Inc.*, 3:17-cv-03064-MGL, 2019 WL 804883, at *1–3 (D.S.C. Feb. 21, 2019); *Long v. CPI Sec. Sys., Inc.*, 292 F.R.D. 296, 298–99 (W.D.N.C. 2013); *Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 566 (D. Md. 2012); *Choimbol v. Fairfield Resorts, Inc.*, 475 F. Supp. 2d 557, 562–63 (E.D. Va. 2006).

"At the first stage, the court makes a preliminary determination whether to conditionally certify the class based upon the limited record before the court." *Long*, 292 F.R.D. at 298.

"Consistent with the underlying purpose of the FLSA's collective action procedure, this initial inquiry proceeds under a fairly lenient standard and requires only minimal evidence." *Id.* (citation omitted) (internal quotation marks omitted).  In fact, "[t]he standard for conditional certification . . . requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Romero v. Mountaire Farms, Inc.*, 796 F. Supp. 2d 700, 705 (E.D.N.C. 2011) (citation omitted) (internal quotation marks omitted).

"The primary focus in this inquiry is whether the potential plaintiffs are similarly situated with respect to the legal and, to a lesser extent, the factual issues to be determined." *Long*, 292 F.R.D. at 298–99 (citation omitted) (internal quotation marks omitted).  "If the class is conditionally certified, the court typically authorizes plaintiffs' counsel to provide the putative class members with notice of the lawsuit and their right to opt-in." *Id.* at 299.

"The sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013) (citations omitted).

"The court proceeds to stage two if the defendant files a motion for decertification, usually after discovery is virtually complete." *Long*, 292 F.R.D. at 299.  "Accordingly, throughout the second stage, courts apply a heightened fact specific standard to the 'similarly situated' analysis." *Id.*  "Upon a determination that the plaintiffs established the burden of proving they are 'similarly situated,' the collective action proceeds to trial." *Id.*  "On the contrary, if the court determines that the plaintiffs are in fact, not 'similarly situated,' the class is decertified and the original plaintiffs may proceed on their individual claims." *Id.*

## IV.    DISCUSSION AND ANALYSIS

Before the Court turns to the parties' arguments, it will provide a brief primer on the applicable FLSA law.  "Because Congress designed the FLSA to remedy disparities in bargaining power favorable to employers, the courts narrowly construe the provisions of that statutory scheme, including its exemptions, in the employee's favor."  *Myers v. Copper Cellar Corp.*, 192 F.3d 546, 549 n.4 (6th Cir. 1999).

Under the FLSA, employers can pay tipped employees less than minimum wage and allow them to keep the tips they earn.  29 U.S.C. § 203(m).  Employers may require tipped employees to share tips only with other employees who are "customarily and regularly" tipped.  *Id.*

Nevertheless, the Department of Labor (DOL) has opined that

> it does not appear that the Congress, even in requiring as a general principle that tipped employees retain all their tips, intended to prevent tipped employees from deciding, free from any coercion whatever and outside of any formalized arrangement or as a condition of employment, what to do with their tips, including sharing them with whichever co-workers they please.

Department of Labor Field Operations Handbook § 30d04(c) (Dec. 9, 1988), available at http://www.dol.gov/whd/FOH/FOH_Ch30.pdf.  This exception allowing tip-outs, however, only contemplates tip-sharing that is free from any coercion.

### A.    *Whether Named Plaintiffs and putative class members are similarly situated*

#### 1.    *Whether DeVillanueva has a conflict of interest*

Named Plaintiffs insist no conflict exists between DeVillanueva and the putative class because he no longer works at Backstreets.  Defendants argue there is a conflict of interest because DeVillanueva worked as both a server and in the kitchen.

DeVillanueva worked primarily as a BOH employee, meaning that he presumably benefitted at times from the tip pool. Defendants state that "not many" Backstreets employees occupy such dual roles. Response at 15.

DeVillanueva no longer works at Backstreets, so any conflict of interest on his part has ceased to exist. Nevertheless, if other members of the putative class similarly worked both as servers and as BOH employees, their interests may differ from those class members who worked only as servers. But, such a determination would require the Court to employ a "heightened fact specific standard" to its analysis. *See Long*, 292 F.R.D. at 299 (explaining courts should save the more robust standard for the second stage). It is thus inappropriate during the first step, the certification stage. Defendants may raise such arguments at the second step, the decertification stage.

### 2. *Whether class members were subject to a common, unlawful policy*

Named Plaintiffs contend putative class members were subject to a common policy because Defendants coerced them into sharing their tips with the BOH employees. Defendants maintain tip sharing was voluntary, and thus fails to amount to a common policy.

As explained above, all Named Plaintiffs need do for conditional certification is make "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Romero*, 796 F. Supp. 2d at 705 (citation omitted) (internal quotation marks omitted).

In their declarations, Named Plaintiffs contend they were told at their initial employment meetings that they "should remit 1% of [their] food sales to be shared with Back of the House ("BOH") employees." Wolff Declaration at 1; DeVillanueva Declaration at 1. They attest they "considered this a mandatory tip-out," Wolff Declaration at 1; DeVillanueva Declaration at 1,

because, if they refused to participate, "managers of Backstreets harassed" them.     Wolff Declaration at 2; DeVillanueva Declaration at 2.

Named Plaintiffs have thus made substantial allegations that, although perhaps unofficial, Defendants had a common practice of coercing servers into tipping-out BOH employees.

### 3.     *Whether the need for individual analysis undermines class certification*

Named Plaintiffs insist that, for the purposes of conditional certification, they have made a sufficient showing of a common policy by Defendants.   Defendants counter that individualized, factual analysis on issues such as whether each employee believed the policy to be mandatory, whether the employee actually participated in the tip-out, and how much they contributed, will be required, and so the Court should refuse to certify the class, even conditionally.

The Court agrees with other judges in this district who have aptly determined the Court should conditionally certify a class action "where the proposed class members' claims share common underlying facts and do not require substantial individualized determinations for each class member."   *Gordon v. TBC Retail Group, Inc.*, 134 F. Supp. 3d 1027, 1031 (D.S.C. 2015) (citation omitted) (internal quotation marks omitted).   "Ordinarily, the plaintiff's burden at this initial stage is fairly lenient, requiring only a modest factual showing that members of the proposed class are victims of a common policy or plan that violated the law."   *Id.* (citation omitted) (internal quotation marks omitted).

Defendants' arguments are premature at this stage.   As discussed in the previous section, Named Plaintiffs have made sufficient allegations of a common policy.   Whether individual inquiries will overwhelm the adjudication of this matter is a question for the decertification stage.

#### 4. *Whether the putative class is of sufficient size*

Named Plaintiffs insist the putative class is an appropriate size for collective treatment. Defendants posit an insufficient number of individuals wish to participate, "[d]espite the widespread circulation of the claims and the presumed distribution among potential class members through social media[.]" Response at 16.

Since the filing of this suit, four individuals have joined.   But, although Defendants claim information about this case is "widespread[,]" *id.*, they point to only a single statewide newspaper article and speculation about dissemination through social media.

The Court thus finds Defendants' argument wholly unpersuasive. The point of conditional certification is to allow the parties to notify potential class members of the opportunity to join the suit.  To impose a requirement that putative class members express interest in joining before allowing the parties to ask them if they would like to join imposes a Catch-22 that strains all logic.

The putative class is over one hundred people.  This is sufficient for conditional certification.

#### 5. *Conclusion*

Altogether, at this early juncture, the substantial allegations contained in Named Plaintiffs' Declarations, as well as the complaint, provide a sufficient basis for the Court to conditionally certify Named Plaintiffs' FLSA collective action for actual damages, liquidated damages, and attorney fees under the FLSA.

For clarity and consistency, however, the Court makes a small change to Named Plaintiffs' proposed class definition.  Rather than calculating the timeframe that a putative class member must have been employed at Backstreets from the time that class member joins the suit, it will calculate

from the date notice is sent. This comports with the language in the proposed notice. It will therefore define the class as:

> all individuals who were employed by Backstreets at any time within the three (3) years prior to **notice being sent in** this lawsuit, who were paid a direct, or hourly, rate less than the minimum wage of Seven and 25/100 dollars ($7.25) per hour and participated in a tip pool created by Backstreets.

### B.    *Whether the proposed notice is misleading, contradictory, and/or overreaching*

Named Plaintiffs maintain their proposed notice is fair and adequate. On the other hand, Defendants object to the proposed notice, arguing that it would mislead potential class members, contradicts the pleadings, and unnecessarily references FLSA retaliation provisions.

The FLSA opt-in requirement "seeks to balance employees' interest in pooling resources to bring collective actions and employers' interest in reducing baseless lawsuits." *Degidio*, 880 F.3d at 143–44. "[T]o strike this balance, district courts must be able to supervise contacts between the parties and their respective counsel to ensure that potential plaintiffs are not misled about the consequences of joining a class in an ongoing employment dispute." *Id.* at 144. "The district court's supervisory role helps to ensure that employees receive accurate and timely notice so that they can make informed decisions about whether to participate." *Id.* (citation omitted) (internal quotation marks omitted) (alterations omitted).

First, Defendants complain that the notice is misleading inasmuch as proposed notice states, in the "Description of Lawsuit" section, that "Backstreets required its servers and bartenders to tip out to the back of the back[.]" Proposed Notice ¶ 1; *see also* Amended Proposed Notice ¶ 1 (same). They also claim this contradicts the pleadings, which state that Named Plaintiffs "considered" the tip-out mandatory. Named Plaintiffs point out that the proposed notice also states that "The Court has taken no position regarding the merits of the Plaintiffs' claims or any of Backstreets' defenses." Proposed Notice ¶ 9; *see also* Amended Proposed Notice ¶ 9 (same).

9

The Description of Lawsuit section contains only Named Plaintiffs' allegations.  Indeed, the phrase "Plaintiffs allege" appears twice.  Proposed Notice ¶ 1; *see also* Amended Proposed Notice ¶ 1 (same).  And, the section also reiterates that "Backstreets denies it has violated the law."  Proposed Notice ¶ 1; *see also* Amended Proposed Notice ¶ 1 (same).

And, as discussed above, Named Plaintiffs have alleged Defendants had a practice of requiring tip-outs through coercion.  Whether the facts eventually bear that out, the description of Named Plaintiffs' lawsuit fails to be misleading or confusing to putative class members.  Further, it is consistent with the pleadings in this matter.  The Court therefore holds this argument without merit.

Second, Defendants ask the Court to omit language regarding the retaliation of the FLSA, arguing it is overreaching and unnecessary because Named Plaintiffs have failed to allege that Defendants terminated any employee for declining to participate in the tip pool.  Named Plaintiffs counter that the FLSA retaliation provision is included to advise putative class members that Defendants are prohibited from retaliating against them if they choose to join this lawsuit.

The Court agrees that Defendants have misunderstood the purpose—and the plain language of—the retaliation section in the proposed notice.  Accordingly, the Court determines Defendants' argument is without merit.

Altogether, Named Plaintiffs have proposed a fair, neutral, appropriate, and clear notice.  The Court will thus authorize noticed as proposed by Plaintiffs in their motion and amended in their reply.

## V.    CONCLUSION

For the reasons stated above, it is the judgment of the Court Named Plaintiffs' motion for conditional certification is **GRANTED AS MODIFIED**; the class is defined as described above; and notice is authorized as described in the previous section.

**IT IS SO ORDERED.**

Signed this 25th day of October 2022, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE